UNITED STATES of America, Appellee,

v.

Roger KING, Defendant–Appellant.

No. 1418, Docket 88–1153.

United States Court of Appeals,
Second Circuit.

Argued Aug. 18, 1988.

Decided Oct. 24, 1988.

Stephen R. Coffey, O'Connel and Aronowitz, P.C., Albany, N.Y., for defendant-appellant.

Michele Hirshman, Asst. U.S. Atty., S.D. N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, Celia Goldwag Barenholtz, Asst. U.S. Atty., of counsel), for appellee.

Before WINTER and MINER, Circuit Judges, and BILLINGS, District Judge.*

PER CURIAM:

Roger King, a Vice–President of J.J. King of Monroe, Inc., a distributor of highway maintenance equipment, appeals from his conviction under 18 U.S.C. §§ 1341 and 1342 (1982) of two counts of mail fraud. The evidence against King showed that he participated in a scheme in which the prices of various equipment offered for sale to two municipalities were inflated. Under the scheme, King broke the offering price down into several separate components so that corrupt municipal purchasing agents could evade competitive bidding requirements applicable to higher priced items. The total of these prices was then inflated in order to obtain money to pay kickbacks to those agents.

The defense presented evidence that, in the case of one municipality, the equipment in question was worth the total purchase price and, in the case of the other, the transaction was frustrated before completion. The defendant argues that the

* The Honorable Franklin S. Billings, Jr., United States District Judge for the District of Vermont, sitting by designation.

government failed to rebut this evidence and that there was therefore an absence of proof that the municipalities were defrauded of money or property. However, as we have said many times, the validity of a mail fraud conviction does not hinge upon a showing of actual loss by the intended victim. *See, e.g., United States v. Starr,* 816 F.2d 94, 98 (2d Cir.1987); *United States v. Andreadis,* 366 F.2d 423, 431 (2d Cir.1966), *cert. denied,* 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1967); *see also Durland v. United States,* 161 U.S. 306, 315, 16 S.Ct. 508–511, 40 L.Ed. 709 (1896). It is enough that appellant knowingly devised a scheme to defraud and caused the use of the mails in furtherance of the scheme. In the case of the first municipality, appellant misled it as to the true sale price by evading competitive bidding requirements and inflating the total to include a kickback. This was fraud whether or not the municipality got fair value because of some bizarre circumstances unexplained by King's expert. In the case of the second municipality, the frustration of the sale is irrelevant because ultimate success is not an element of the crime. *United States v. Eskow,* 422 F.2d 1060, 1064 (2d Cir.), *cert. denied,* 398 U.S. 959, 90 S.Ct. 2174, 26 L.Ed.2d 544 (1970).

Appellant also relies on the decision in *McNally v. United States,* 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), to support his claim that loss of money or property must be shown. That reliance is misplaced. *McNally* held that mail fraud prohibits only schemes intended to deprive victims of property such as money and not schemes depriving victims of intangible rights such as the right to honest government. *See also Carpenter v. United States,* — U.S. —, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987) (mail fraud statute extends to schemes defrauding property right to confidential information's exclusive use). The schemes here were unquestionably directed at money in municipal treasuries. The fact that kickbacks were also involved in *McNally* is of no aid to appellant because the legal theory of those convictions was based on the alleged deprivation of intangible rights, while King's conviction was specifically bottomed on the deprivation of what is undeniably property in a traditional sense.

We have examined appellant's other contentions and have found them to be without merit.

AFFIRMED.