891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Daniel STULL, Jr., Defendant-Appellant.
 No. 89-3165.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1989.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Henry Daniel Stull, Jr., a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.
 
 
 3
 Seeking to overturn his conviction of twenty counts of mail fraud pursuant to 18 U.S.C. § 1341, Stull alleged that the decision of the Supreme Court in McNally v. United States, 483 U.S. 350 (1987), required reversal of his convictions and that the jury instructions used at his trial, i.e., "the United States need not prove any person was in fact defrauded" were erroneous.
 
 
 4
 After reviewing the files and records, the district court denied Stull's motion. Stull has filed a timely appeal, raising the same issues which were before the district court. Also, in his brief on appeal, Stull has requested other miscellaneous relief, including the production of a transcript at government expense, additional time to prepare further briefs in this case, and oral argument on appeal.
 
 
 5
 Upon review, we conclude the district court properly denied Stull's motion to vacate. The decision in McNally is inapplicable to this case. In considering whether mail fraud convictions may stand in light of McNally, the critical question is whether the scheme charged in the indictment may be characterized as a scheme or artifice to defraud the victim or victims of property rights rather than intangible rights. Callanan v. United States, 881 F.2d 229, 232 (6th Cir.1989).
 
 
 6
 Stull was indicted and convicted for a scheme which involved defrauding loan applicants of advance fees and other moneys solicited as part of loan applications which were submitted to Stull for approval, but which he never intended to fund. In this instance, we are satisfied that Stull was not indicted or prosecuted for a scheme which involved depriving victims of intangible rights. Thus, McNally is inapplicable to this case.
 
 
 7
 Further, Stull's contention that erroneous jury instructions were used at his trial is meritless. Stull claims that the instructions that the United States need not prove that anyone was in fact defrauded permitted the jury to convict him without finding every element of the offense of mail fraud. However, it is well established that a mail fraud conviction does not hinge upon an actual showing of loss by an intended victim or victims. United States v. King, 860 F.2d 54, 55 (2d Cir.1988), cert. denied, 109 S.Ct. 2062 (1989); United States v. Hathaway, 798 F.2d 902, 912 (6th Cir.1986). The instructions were therefore proper.
 
 
 8
 Accordingly, Stull's request for miscellaneous relief is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.